UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TIMOTHY HIGGINS,

               Defendant.

**DECISION AND ORDER**
08-CR-326S

On March 19, 2009, this Court sentenced Defendant to 7 years of incarceration and 10 years of supervised release, after he previously pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252 (a)(5)(B).  (Docket No. 22.)

By motion filed July 1, 2021, Defendant seeks to terminate the remaining three years of his supervised release under 18 U.S.C. 3583 (e)(1).  (Docket No. 28.) He contends that termination is warranted due to his inability while on supervised release to obtain a Connecticut Casualty Adjuster license, his record of compliance and employment while on supervised release, and his desire to move to Wisconsin to be closer to siblings who have offered to support him. The supervising probation officer takes no position on Defendant's request. The government opposes Defendant's request.

The Supreme Court has recognized that "supervised release fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59, 120 S. Ct. 1114, 146 L. Ed. 2d 39 (2000). "Supervised release, in contrast to probation, is not a punishment in lieu of incarceration." United States v. Granderson, 511 U.S. 39, 50, 114 S. Ct. 1259, 127 L. Ed. 2d 611 (1994).

A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release.  See 18 U.S.C.

1

§ 3583 (e)(1). But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. § 3553 (a). Id. Early termination may be appropriate, for example, to "account for new or unforeseen circumstances," which may include a defendant's exceptionally good behavior, that makes the imposed term of supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing. United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). New or changed circumstances, however, are not required. See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

"A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." United States v. Jimenez, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012)). See also United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it were, the exception would swallow the rule."); United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law.").

Courts have granted early termination where defendants present concrete ways that supervised release has negatively affected their actual job performance or prospects.

See, e.g., United States v. Harris, 689 F. Supp. 2d (S.D.N.Y. 2010). On the other hand, courts have denied such requests where a defendant presents only speculation about how supervised release might impact his or her potential employment. See, e.g., United States v. Rasco, No. 88 CR 817 CSH, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000) (denying early termination where defendant alleged status might harm employment prospects, but where defendant "has not indicated that he is presently seeking to change jobs or that his supervised release has actually prevented him from obtaining more lucrative employment. He merely suggests that it might present a possible future obstacle in that regard.").

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds that termination of Defendant's term of supervised release is warranted and would be in the interest of justice.

Defendant has completed seven of the ten years of his term of supervised release. He pursued educational opportunities while incarcerated (See Docket No. 28-1 at pp. 14-24). While on supervised release, he has shown more than mere compliance with the terms of his supervised release. He pursued and maintained steady employment, even while homeless and housed at the Buffalo City Mission. (Id. at pp. 36-37.) He eventually obtained a job in his former field, insurance. (Id. at p. 30.) He passed the examination to obtain a Connecticut Casualty Adjuster license. (Id. at p. 32.) His application for a license was denied, in large part, due to his status on supervised release. (Id. at p. 33.)

The government argues that Defendant is not guaranteed licensing even if his supervised release were terminated, given his status as a convicted felon. But it appears from the documents that Plaintiff submits (a) that status as a felon, without more, would

not necessarily prevent him from obtaining a license and (b) that any restrictions imposed due to his status on supervised release would run out after a set period of time. See Christopher Reinhart, Chief Attorney, "Felony Convictions and Employment," OLR Research Report, July 16, 2012, 2012-R-0252 ("With limited exceptions, the law prohibits the state from disqualifying a person from engaging in an occupation … that requires a state credential (such as a license or permit) solely because of a prior criminal conviction. ... A person is not disqualified to practice, pursue or engage in any occupation … for which a license …is required to be issued by the state or any of its agencies solely because of a prior conviction of a crime.")  According to this research report, the state can deny a "license to a person with a prior felony conviction if he or she is found unsuitable after considering (1) the nature of the crime, (2) information relating to the degree of rehabilitation, and (3) the time elapsed since the conviction or release." Id. Given this position, it appears that Defendant's chance of obtaining a license would significantly increase after the termination of his supervised release.

The government also argues that Plaintiff currently has gainful employment in this District, and has no job lined up in Wisconsin. It suggests that his motion be denied until he can furnish proof of a job offer in Wisconsin. In response, Defendant argues that, because his terms of supervised release keep him off the internet, he is unable to search for Wisconsin jobs. Given his substantial employment record and his history of compliance with the conditions of supervised release, this Court finds that imposing the

requirement of obtaining a job in Wisconsin without the aid of the internet, before Defendant can move for termination, is not reasonable.

Defendant maintains that he wishes to move to Wisconsin to be closer to his siblings, who have provided him with moral support. (Docket No. 28-1 at p. 38.) He indicates that his relationship with his children is irreparable, but that at least two of his siblings in Wisconsin will support him and will assist him in finding housing and a job near them. (Id.) This Court finds that this rationale comports with one professed goal of supervised release of assisting defendants to reintegrate into society. See United States v. Vallejo, 69 F.3d 992, 994 (9th Cir. 1995), as amended on denial of reh'g and reh'g en banc (Jan. 29, 1996) ("the purpose of supervised release [is] to protect the public and to facilitate the reintegration of the defendant into the community....").

As to the protection of the public, Defendant's history of compliance with requirements of supervised release, including to his successful completion of a treatment program, and his remorse, as evidenced in his letter to this Court, indicate that this objective can be adequately ensured by Defendant's required registration as a sex offender in Wisconsin upon his arrival there.

This Court notes that Defendant's criminal conduct was extremely serious and troubling. However, his substantial efforts to improve his situation both while incarcerated and while on supervised release, his studying for and passing the Connecticut Insurance

Adjusters' licensing examination, and the stated support of his siblings to help him reintegrate into society warrant an early termination of his term of supervised release.

IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Supervised Release (Docket No. 28) is GRANTED.

SO ORDERED.

Dated:   September 2, 2021
         Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
